IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                                                  :

GREAT AMERICAN INSURANCE COMPANY  :      3:10 CV 1669 (JBA)
OF NY a/s/o The Connecticut Association
for the Performing Arts, Inc.,                  :

v.                                                              :

SUMMIT EXTERIOR WORKS, LLC               :      DATE: OCTOBER 6, 2011
-------------------------------------------------------x

RULING ON PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY

On October 22, 2010, plaintiff, Great American Insurance Company of New York, the property insurer for The Connecticut Association of the Performing Arts, Inc. ["CAPA"], commenced this subrogation action against defendant Summit Exterior Works, LLC, arising out of roof and/or gutter demolition and construction work on the building that houses the Shubert Theater in New Haven, Connecticut. (Dkt. #1). On December 14, 2010, defendant filed its Answer (Dkt. #13), and on July 1, 2011, plaintiff filed the pending Motion for Prejudgment Remedy, along with a Motion for Disclosure of Property and Assets. (Dkts. ## 24-25).[1] Four days later, these Motions were referred to this Magistrate Judge. (Dkt. #26; see Dkts. ##27, 40). On July 13, 2011, defendant filed its objection to plaintiff's motions

---

[1]Attached to plaintiff's Motion for Prejudgment Remedy and brief in support is a copy of excerpts of the 30(b)(6) deposition of Daniel Moriarty, taken on June 10, 2011 ["Moriarty Depo."] (Exh. A), and an affidavit of Patricia Robison, sworn to July 1, 2011 (Exh. B). See note 4 infra.

(Dkts. ##28-29, 32),[2] and on July 21, 2011, plaintiff filed a reply brief. (Dkt. #36).[3] On September 27, 2011, a prejudgment remedy hearing was held before this Magistrate Judge. (Dkts. ##39, 47-48).[4]

For the reasons stated below, plaintiff's Motions for Prejudgment Remedy and Motion for Disclosure of Assets (Dkts. ##24-25) are granted.

## I. DISCUSSION

### A. FACTUAL BACKGROUND

On or about September 1, 2008, defendant entered into a contract with the City of New Haven to replace the roof of CAPA, also known as the Shubert Theater, located at 247 College Street in New Haven, Connecticut. (Dkt. #32). Between September 8 and October 26, 2008, defendant performed roof and/or gutter demolition and construction work on this building. (Exh. 1, ¶ 9). As defendant's principal, Daniel Moriarty, testified at his deposition, there was a contractual requirement that defendant keep the building watertight. (Moriarty Depo. at 33-35). During the day of October 24, 2008, a crew from defendant removed

---

[2]Attached to defendant's brief in opposition to plaintiff's Motion for Prejudgment Remedy (Dkt. #28) are the following exhibits: copy of Reservation of Rights letter, dated December 11, 2008 (Exh. A); copy of defendant's Insurance Coverage Policy (Exh. B); copy of the Robison Aff't (Exh. C); and copies of case law (Exh. D).

Additionally, Dkt. #32 is a copy of defendant's contract with the City of New Haven, dated September 10, 2008.

[3]Attached as Exh. A is an affidavit of G. Daniel Gagaris, sworn to July 21, 2011.

[4]The following exhibits were admitted into evidence at the hearing: copy of revised affidavit of Patricia Robison, sworn to July 21, 2011 (Exh. 1); copy of Inspection Report from plaintiff's expert, Marc Caputo, RRC, LEED AP of Douglas G. Peterson & Associates, Inc., dated September 2, 2011 (Exh. 2); another copy of defendant's Insurance Coverage Policy (Exh. A); another copy of Reservation of Rights letter, dated December 11, 2008 (Exh. B); and copy of letter from defendant's expert, Thomas Olam, with Olam's curriculum vitae attached (Exh. C).

Defendant initially had objected to Robison's original affidavit, as "it [was] impossible to determine what connection the affiant has, if any to the plaintiff . . . ." (Dkt. #28, at 3). That issue has been resolved in the supplemental affidavit.

portions of Roof 6, which is located above the balcony seating located on the east side of the theater, and installed a temporary self adhering sheet of waterproofing material, referred to as a "vapor barrier[,]" that was designed to serve as temporary waterproofing. (Exh. 2, at 3). However, as both parties agree, after a rainstorm during the overnight hours of October 25-26, 2008, water infiltrated the building, causing damage to the property. (Moriarty Depo. at 35-36; Exh. 1, ¶ 11; Exh. 2 at 3-4; Exh. C (defendant's expert posits that "some of the leakage which occurred during construction originated from pre-existing cracks and defects in the change in elevation wall and/or lower roof areas . . . ." (emphasis added)).

Plaintiff, as property insurer for CAPA, paid $579,019.73 for CAPA's losses. (Exh. 1, ¶ 12). On December 11, 2008, MaxSpecialty, which issued defendant Commercial General Liability coverage, under policy number MAX113700017914, effective 10/20/08-10/20/09, sent defendant a Reservation of Rights letter. (Exh. B). In this letter, MaxSpecialty details three reasons that "coverage concerns have now arisen[,]" namely, defendant may have used heat or a torch on the job, thereby placing the damage within the "Torchwork Exclusion"; defendant may not have placed a suitable temporary covering over the roof before leaving for the day, thereby placing the damage within the "Open Roof Exclusion"; and/or the roof applied may be considered a "system" falling within the exclusion for "Exterior Insulation and Finish Systems." (Id. at 1-4)(emphasis omitted).

### B. LEGAL STANDARD FOR A PREJUDGMENT REMEDY

A prejudgment remedy "is generally intended to secure the satisfaction of a judgment should plaintiff prevail." Cendant Corp. v. Shelton, No. 3:06 CV 854 (JCH), 2007 WL 1245310, at *2 (D. Conn. Apr. 30, 2007)(citation omitted). Federal Rule of Civil Procedure 64 permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action. See Granny Goose Foods, Inc. v. Brotherhood

of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 436 n. 10 (1974). Pursuant to the Connecticut Prejudgment Remedy statute, Conn. Gen. Stat. § 52-278d(a), the standard for issuing a prejudgment remedy is probable cause, so that a prejudgment remedy is appropriate

> [i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the [movant] has shown probable cause that such a judgment will be rendered in the matter in the [movant's] favor in the amount of the prejudgment remedy sought . . . .

Conn. Gen Stat. § 52-278d(a). In the words of now Chief United States District Judge Alvin W. Thompson:

> The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false.

Qualitative Reasoning Sys., Inc. v. Computer Scis. Corp., No. 3:98 CV 554 (AWT), 2000 WL 852127, at *10 (D. Conn. Mar. 31, 2000)(internal quotations & multiple citations omitted).

A prejudgment remedy proceeding is "only concerned with whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." Benton v. Simpson, 78 Conn. App. 746, 751-52, 829 A.2d 68, 72-73 (App. Ct. 2003)(citation & internal quotations omitted). Further, while a prejudgment remedy hearing "is not contemplated to be a full scale trial on the merits of plaintiff's claims," Bank of Boston Conn. v. Schlessinger, 220 Conn. 152, 156 (1991)(multiple citations & internal quotations omitted), a plaintiff is "bound to furnish proof of his damage with reasonable probability, and not leave the trial court to speculation and conjecture." Mullai v. Mullai, 1 Conn. App. 93, 95, 468 A.2d 1240, 1242 (App. Ct. 1983)(per curiam). After a hearing, the Court must "consider not only the validity of the plaintiff's

claim but also the amount that is being sought." Calfee v. Usman, 224 Conn. 29, 38 (1992)(citation & internal quotations omitted).

C. PROBABLE CAUSE

Plaintiff's application for prejudgment relief turns upon whether plaintiff has shown "probable cause" that a judgment will enter in its favor. CONN. GEN. STAT. § 52-278(d)(a)(1). "Probable cause" has been defined by the Connecticut courts as "'a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.'" Walpole Woodworkers, Inc. v. Atlas Fencing, Inc., 218 F. Supp. 2d 247, 249 (D. Conn. 2002), quoting Three S. Development Co. v. Santore, 193 Conn. 174, 175, 474 A.2d 795 (1984)(citation omitted). The standard of "probable cause" is less demanding than the "preponderance of the evidence" or the "likelihood of success" standards. Cendant Corp., 2007 WL 1245310 at *3. Plaintiff need not "prove [his] case by a preponderance of the evidence, but must show that there is probable cause to sustain the validity of [his] claim." Walpole Woodworkers, 218 F. Supp. 2d at 249 (citation omitted).

In light of the foregoing, at the hearing held before this Magistrate Judge on September 27, 2011, plaintiff's counsel proffered that probable cause exists that plaintiff will obtain a judgment against defendant as the water infiltration that caused damage to the Shubert Theater resulted from defendant's failure to ensue that the property was "watertight[.]" (See Exh. 1, ¶¶ 10-11; Moriarty Depo. at 35-36; Exh. 2 at 3-4). Defendant contends that plaintiff cannot establish probable cause that an attachment should enter against defendant as plaintiff has failed to prove that there is inadequate insurance to cover a judgment in favor of plaintiff. (Dkt. #28, at 1-2). Specifically, defendant acknowledges that while its insurer has issued a Reservation of Rights letter (Exh. B; Dkt. #28, Exh. A), the

insurance company has not taken further action signifying declination of coverage, and because plaintiff's complaint sounds in general negligence, the allegations fall within the scope of defendant's insurance policy. (Dkt. #28, at 1-2).

At the hearing, defendant placed its full insurance policy into evidence, which defendant contends is all that is necessary to satisfy adequate coverage under Soci v. Pasiak, 116 Conn. App. 685, 688-89 (2009). In this case, unlike in Soci, in addition to the insurance policy submitted for the Court's consideration, defendant has placed the Reservation of Rights letter into evidence. The Reservation of Rights letter in this case is detailed and includes three specified exclusions in defendant's liability coverage policy within which defendant's actions may fall. (Exh. B). Most significantly, among these exclusions is the "Open Roof Exclusion"; defendant was informed in this letter that coverage may not exist as "a suitable temporary covering may not have been put in place before leaving the job for the day[,]" thereby falling within the "Open Roof Exclusion[,]" which provides in full:

> It is also understood and agreed that this insurance does not apply to "bodily injury", "property damage" or any other damages including defense costs arising out of wind, hail, snow, rain, ice or any combination of these if reasonable steps have not been taken to determine any approaching adverse weather and a suitable temporary covering able to withstand normal elements has not been secured in place.

(Exh. A; Exh. B, at 3). In its Complaint, plaintiff alleges negligence in defendant's failure to maintain a waterproof envelope, the absence of which led to water infiltration and the damage suffered by CAPA. In order to obtain a prejudgment remedy, plaintiff need not establish with certainty that defendant will be denied coverage under an exclusion in its insurance policy. Rather, it is defendant's burden to establish that adequate insurance exists to cover a judgment against it. Soci, 116 Conn. App. at 689. In light of the specific exclusion referenced in the Reservation of Rights letter issued in this case and the facts alleged in plaintiff's Complaint, defendant has not satisfied his burden of establishing the existence of

such adequate coverage. Accordingly, probable cause exists for the entry of a prejudgment remedy against defendant.

D. DAMAGES

The damages that plaintiff claims "need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate." Savalle v. Kobyluck, No. 3:00 CV 675 (WWE), 2001 WL 1913746, at *2 (D. Conn. Sept. 21, 2001)(citations & internal quotations omitted). Plaintiff, as the property insurer for CAPA, seeks a prejudgment remedy in the amount of $521,117.75. (Dkt. #24, at 1; Dkt. #24, Brief, at 2). As the insurer, plaintiff paid CAPA $579,019.73 for the losses sustained and is subrogated to the rights of CAPA against defendant in the foregoing amount. (Exh. 1, ¶ 12; Dkt. #24, Brief, at 1). In this case, plaintiff has "furnish[ed] proof of his damage with reasonable probability." Mullai, 468 A.2d at 1242. While plaintiff need not establish that the amount of damages with "mathematical precision," Rafferty v. Noto Bros. Construction, LLC, 68 Conn. App. 685, 693, 795 A.2d 1274 (2002)(citation omitted), there must exist some evidence sufficient for the court to make a "fair and reasonable" prediction as to likely damages. Kendall v. Amster, 108 Conn. App. 319, 331, 948 A.2d 1041 (2008)(citation & internal quotations omitted). Accordingly, probable cause exists for the entry of a prejudgment remedy in the full amount sought by plaintiff of $521,117.75.

E. DISCLOSURE OF ASSETS

Plaintiff seeks an order of attachment pursuant to Conn. Gen. Stat. § 52-278n[5] of defendant's assets sufficient to secure the amount currently owed to it by defendant. (Dkt. #25, Brief, at 1). Section 52-278n(a) provides that "[t]he court may, on motion of a party,

---

[5]Section 52-278n(a) provides that "[t]he court may, on motion of a party, order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy."

order an appearing defendant to disclose property in which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy." Once a plaintiff has established probable cause, such disclosure requested may be ordered by the court. CONN. GEN. STAT. § 52-278n(c).

At the hearing, defendant proffered that there are no assets in the company and there is "nothing to attach[,]" and thus, "there is no practical affect of a PJR attachment." While plaintiff's counsel posited that Daniel Moriarty testified at his deposition that there was one account receivable outstanding, defense counsel countered that Daniel Moriarty, who was the Operations Executive, was not the appropriate company representative to testify to this, and that Judy Moriarty, the President of defendant, has informed him that there are no assets to attach. Neither this portion of Daniel Moriarty's deposition, nor an affidavit of Judy Moriarty is before the Court, although defense counsel represented that he is "working" on Judy Moriarty's affidavit. In the absence of any clear evidence that defendant is without assets, defendant shall disclose all property in which it has an interest, or debts owing to it, **on or before October 21, 2011**.

## II. CONCLUSION

For the reasons stated above, plaintiff's Application for Prejudgment Remedy and Motion for Disclosure of Assets (Dkts. ##24-25) are granted.

This is not a Recommended Ruling, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule

72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit)**.[6]

Dated at New Haven, Connecticut, this 6th day of October, 2011.

                                          /s/ Joan G. Margolis, USMJ
                                          Joan Glazer Margolis
                                          United States Magistrate Judge

---

[6] As U.S. District Judge Gerard L. Goettel held nearly fifteen years ago, a referral to Magistrate Judge "for the purpose of a hearing on prejudgment remedy" was not a referral for a recommended ruling, effective only upon a District Court Judge's review and adoption, pursuant to 28 U.S.C. § 636(b)(1)(B), but rather was a referral pursuant to 28 U.S.C. § 636(b)(1)(A). <u>Aetna Life Ins. Co. v. Tooth Savers Dental Serv.</u>, No. 96 CV 102453, 1997 WL 102453 (D. Conn. Feb. 4, 1997); <u>see also Balzer v. Millward</u>, 3:10 CV 1740 (SRU), 2011 WL 1547211, at *5, n. 7 (D. Conn. Apr. 21, 2011)(Fitzsimmons, MJ); <u>CapitalSource Fin. LLC v. Autorino</u>, 3:09 CV 2148 (RNC), 2011 WL 1195857, at *1, n.1 (D. Conn. Mar. 11, 2011)(Martinez, MJ); <u>United of Omaha Life Ins. Co. v. Conn. Student Loan Found'n</u>, 718 F. Supp. 2d 277, 286 (D. Conn. 2010)(Smith, MJ); <u>SS & C Techs., Inc. v. Providence Inv. Mgmt.</u>, 582 F. Supp. 2d 255, 256, n.1 (D. Conn. 2008)(Smith, MJ); <u>Rubin v. Donoghoe</u>, 3:05 CV 1644 (AHN), 2006 WL 3254481, at *12, n.20 (D. Conn. Oct. 20, 2006)(Fitzsimmons, MJ); <u>Mammoet USA NE Corp. v. Dick Corp.</u>, 3:02 CV 2022 (MRK), 2003 WL 22937724, at *1 (D. Conn. Oct. 9, 2003)(Kravitz, DJ, approving Ruling of Margolis, MJ, over objection); <u>cf. Fleet Dev. Ventures, LLC v. Brisker</u>, 3:06 CV 570 (RNC), 2006 WL 2772686, at *13-14 (D. Conn. Sept. 12, 2006)(Fitzsimmons, MJ).