IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                  :

GREAT AMERICAN INSURANCE COMPANY   :       3:10 CV 1669 (JGM)
OF NY a/s/o The Connecticut Association     :
for the Performing Arts, Inc.,                  :
                                                  :
v.                                                   :
                                                  :
SUMMIT EXTERIOR WORKS, LLC             :       DATE: FEBRUARY 6, 2012
                                                  :
---------------------------------------------------------x

<u>RULING ON DEFENDANT'S MOTION IN LIMINE RE: UNDISCLOSED EXPERT OPINIONS</u>

       On October 22, 2010, plaintiff, Great American Insurance Company of New York, the property insurer for The Connecticut Association of the Performing Arts, Inc. ["CAPA"], commenced this subrogation action against defendant Summit Exterior Works, LLC, arising out of roof and/or gutter demolition and construction work on the building that houses the Shubert Theater in New Haven, Connecticut. (Dkt. #1). Plaintiff's Amended Complaint was filed on February 6, 2012. (Dkt. #76; <u>see also</u> Dkts.##72, 75).

       On December 19, 2011, the parties consented to trial before this Magistrate Judge. (Dkt. #56). Jury selection is scheduled for February 27, 2012, with trial to begin immediately thereafter. (Dkts. ##57, 62).

       On January 23, 2012, defendant filed its Motion <u>In Limine</u> Re: Undisclosed Expert Opinions and brief in support (Dkts. ##65-66), as to which defendant filed its brief in opposition one week later (Dkt. #70)[1]; defendant filed its reply brief on February 3, 2012 (Dkt. #74).[2]

---

[1] Attached is a one-page excerpt from the deposition of Sheri Kaplan, taken on September 8, 2009 ["Kaplan Depo."](Exh. 1).

[2] Plaintiff's Motion <u>In Limine</u> to Preclude Defendant from Introducing Any Evidence Contradicting Its Testimony, also filed on January 23, 2012 (Dkt. #67) will be addressed in a

For the reasons stated below, defendant's Motion <u>in Limine</u> (Dkt. #65) is <u>denied with prejudice to renew at trial, as appropriate.</u>

## I.  DISCUSSION

In this motion, defendant seeks to preclude fact witnesses Sheri Kaplan, a representative of the Shubert Theater, and Bruce Soden, an architect in charge of the renovation project, from rendering any expert opinion about the case of water infiltration into the Shubert Theater; neither of these witnesses was disclosed as an expert witness.  (Dkt. #65, at 1; Dkt. #66, at 2-5).[3]

In its brief in opposition, plaintiff has responded that it intends to call Kaplan and Soden only as fact witnesses, but such designation "does not mean . . . [that] they are necessarily precluded from testifying [as] to the cause of the water infiltration[]" in that "[i]dentification of sources of water infiltration does not necessarily require specialized knowledge and thus may constitute lay witness testimony." (Dkt. #70, at 1).  Thus, plaintiff suggests that the Court "postpone ruling on the admissibility of . . . Kaplan and . . . Soden's testimony concerning causes of water infiltration until they are raised at trial."  (<u>Id.</u>).  As represented by plaintiff, Kaplan and Soden "are expected to testify to merely their observations prior to and after the water infiltration at the theater, including with regard to [defendant's] work and the location of water damage." (<u>Id.</u> at 1-2 & Exh. 1).   Plaintiff does

---

separate ruling.

[3]The motion also included a second architect, Martin Benassi (Dkt. #65, at 1; Dkt. #66, at 3, 5; Dkt. #74, at 1, n.1), but plaintiff does not intend to call Benassi as a witness (Dkt. #70, at 1, n.1).

The motion also requested preclusion of their testimony about their estimation of damages to the theater (Dkt. #65, at 1; Dkt. #66, at 3,5), but plaintiff does not intend to proffer either witness for an estimation of damages, as damages are not contested in this case. (Dkt. #70, at 1, 3; <u>see</u> Dkt. #69, Stipulation of Facts, ¶ 10).

not dispute that defendant may object at trial to specific questions, if any, that seek "specialized knowledge," as opposed to "simple identification." (Id. at 3-4).

In its reply brief, defendant agrees that Kaplan and Soden may testify as to their personal observations about where the water was leaking inside the building, but may not testify as to the cause of such leaking or water infiltration. (Dkt. #74, at 1-3).

Kaplan and Soden may testify, as a lay homeowner could, as to where the water was leaking inside the building, and as to their personal observations as to any other areas of the Shubert Theater that were saturated with, or by, water; to the extent plaintiff's counsel seeks their testimony as to the cause of such leaking or water infiltration, which testimony requires specialized knowledge beyond of their lay purview, defense counsel may, of course, object at such time.

## II. CONCLUSION

Accordingly, defendant's Motion in Limine (Dkt. #65) is denied with prejudice to renew at trial, as appropriate.

Dated at New Haven, Connecticut, this 6th day of February, 2012.


   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge