IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
                                                           :
GREAT AMERICAN INSURANCE COMPANY    :    3:10 CV 1669 (JGM)
OF NY a/s/o The Connecticut Association  :
for the Performing Arts, Inc.,                   :
                                                           :
v.                                                         :
                                                           :
SUMMIT EXTERIOR WORKS, LLC          :    DATE: FEBRUARY 23, 2012
                                                           :
-----------------------------------------------------------x

ORDER UNDER RULE 201(e) OF THE FEDERAL RULES OF EVIDENCE

On February 7, 2012, the Court held the final pre-trial conference in this case, which is set for jury selection on Monday, February 27, 2012, with the trial to begin immediately thereafter. (See Dkts. ##57-58, 62, 78). During the conference, discussions were heard relating to anticipated evidentiary issues regarding plaintiff's proposed exhibits of the weather reports for the relevant area from 2007-08. (See Dkt. #69, at 6). Counsel represented to the Court that they would continue to discuss this issue and expected that they would reach a resolution. On February 23, 2012, this Magistrate Judge held an impromptu telephonic conference, called at the Court's request, after the Court's review of the voluminous exhibits delivered to Chambers the day before. (Dkts. ##83, 85). During this conference, defense counsel informed the Court, for the first time, that counsel were unable to resolve their dispute over the admissibility of the historical weather reports contained in plaintiff's Exh. 5, and brief argument was heard.[1]

Under Federal Rule of Evidence 201, a court may take judicial notice of a particular fact that is "not subject to reasonable dispute" because it is "capable of accurate and ready

---

[1] Defense counsel concedes that the documents are self-authenticating under FED. R. CIV. 902(5), but argues that they are irrelevant and may only be admitted through an expert on weather; no such expert has been disclosed by plaintiff.

determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). In light of the abundant case law on this issue which permits a court to take judicial notice, under Rule 201,[2] of weather data in government weather bureau records, counsel are directed to brief this issue as it relates to plaintiff's proposed Exhibit 5, and historical weather records related to the subject matter of this lawsuit, **by 4:00 p.m., Friday February 24, 2012**.[3] See Pate v. Norris, No. 4:05 CV 00491(GH-JFF), 2007 WL 990698, at *19 & n. 10 (E.D. Ark. Mar. 29, 2007)(petitioner asserted that a strong wind on the day in question would have carried a "strong" chemical order; in the absence of a National Weather Bureau Report submitted by petitioner, the court took judicial notice of historical weather data contained on the website for the United States Department of Commerce's National Climactic Data Center (www.ncdc.noaa.gov/oa/ncdc.html), which is the "world's largest archive of weather data and publishes the historical weather data for the National Oceanic and Atmospheric Administration's ['NOAA'] National Weather Service")(citations omitted). See also Heilman v. Lyons, No. 2:09-cv-2721 JAM KJN P, 2012 WL 371600, at *8 (E.D. Cal. Feb. 3, 2012)(footnote & citation omitted)(in addressing plaintiff-inmate's claims that defendants were deliberately indifferent to conditions of excessive heat exposure for July 1-4, 2007, the court took judicial notice of historical weather

---

[2] Specifically, a court has the discretion to sua sponte take judicial notice of certain facts, FED. R. EVID. 201(c), and must take judicial notice if requested by a party and supplied with necessary information. FED. R. EVID. 201(d).

[3] "[A]s a safeguard against a court's improvident application of judicial notice," 5-Star Mgmt., Inc. v. Rogers, 940 F. Supp. 512, 519 (E.D.N.Y. 1996), Federal Rule of Evidence 201(e) provides that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken."

Furthermore, this Court, guided by the Rules of Evidence, "shall instruct the jury to accept as conclusive any fact judicially noticed." FED. R. EVID. 201(g).

records for the zip code in which the facility he was housed is located); Sadler v. Michigan Dept. of Corr., Civ. Action No. 09-11375, 2011 WL 2462028, at *7 (E.D. Mich. Apr. 21, 2011)(defendant relied on weather reports from National Climate Data Center to show temperature for one month period of time at issue, and court took judicial notice of NOAA's Heat Index Chart reflecting how hot it really feels when relative humidity is factored with the actual air temperature); Pryor v. City of Chicago, No. 07 C 2479, 2010 WL 431470, at *2 & n. 1 (N.D. Ill. Feb. 1, 2010)(court took judicial notice of time of sunset, according to NOAA Sunset Calculator); Doran v. Contoocook Valley Sch. Dist., 616 F. Supp. 2d 184, 194 & n. 8 (D.N.H. 2009)(after taking judicial notice of high temperature on June 7, 2007, as recorded by NOAA, court rejects contention of plaintiff's children that they were "traumatized" by having to spend a free period outside where some suffered sunburns); Buckley Towers Condominium, Inc. v. QBE Ins. Corp., No. 07-22988-CIV, 2008 WL 5505415, at * 4 (S.D. Fla. Oct. 21, 2008)(court rejects plaintiff's effort to have the court take judicial notice of the entire 2005 Annual Summary of the Atlantic Hurricane season, which included all hurricanes and tropical depressions over the Atlantic ocean in 2005, their synoptic histories, meteorological statistics, and damage and casualty analysis; the court found most of the data included far more information than the category of the hurricane, its wind speed and location, it was not clear what "adjudicative fact[,]" which is "simply the facts of the particular case[,]" plaintiff sought to have the court take judicial notice of, and in light of the wealth of information in the report, plaintiff would need to lay the proper foundation or make a sufficient showing)(multiple citations omitted); Richards v. Pathmark Stores, Inc., No. 07 Civ. 1790(THK), 2008 WL 3165582, at *5 (S.D.N.Y. Aug. 6, 2008)(in a slip and fall case, plaintiff, through expert witness, provided NOAA data showing weather conditions for the

week of plaintiff's fall; court took judicial notice of the data, and considered expert testimony that the temperature of the concrete was likely colder than the ambient air temperature); Allen v. Ashcroft, Civil No. 03-441-MJR, 2006 WL 1882672, at *6 (S.D. Ill. July 7, 2006)(taking judicial notice of the historical weather records of Marion, Illinois, reflecting the low temperatures for the period of September 29 through October 11, 2002); Chubb & Son, Inc. v. Kelleher, No. 92 CV 4484(CBA), 95 CV 0951(CBA), 2006 WL 2711543, at *4, n.2 (E.D.N.Y. Sept. 21, 2006)(taking judicial notice of the records of the NOAA reflecting that Hurricane Wilma did not strike a certain region in Florida until October 23, 2005); Freeman v. Berge, No. 03-C-0021-C, 2003 WL 23272395, at *13 (W.D. Wis. Dec. 17, 2003)(inmate-plaintiff not permitted to testify as to the temperature in his cell, but court took judicial notice of record from National Climatic Data Center reflecting that the temperature in Boscobel, Wisconsin, in July-August 2000 only exceeded 90 degrees once).

Dated at New Haven, Connecticut, this 23rd day of February, 2012.

　　　　　　　　　　　　　　　　　　　　/s/ Joan G. Margolis, USMJ
　　　　　　　　　　　　　　　　　　　　Joan Glazer Margolis
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge